**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4743**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARCUS MAYHEW CURRY,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:05-cr-00282-JAB-1)

Submitted: May 29, 2015          Decided: June 4, 2015

Before KING, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Mayhew Curry appeals the 500-month sentence imposed by the district court following our remand for resentencing on eight drug and firearm convictions. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Curry's sentence is substantively reasonable. Although notified of his right to do so, Curry has not filed a pro se supplemental brief. We affirm.

When reviewing a sentence for reasonableness, we apply "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We first examine the sentence for "significant procedural error." Id. If there is none, we "then consider the substantive reasonableness of the sentence . . . , tak[ing] into account the totality of the circumstances." Id. We presume on appeal that a sentence within the Sentencing Guidelines range established by the district court is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). An appellant can rebut that presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." Id.

Curry challenges only the substantive reasonableness of his sentence. We conclude that he has failed to rebut the

presumption of reasonableness accorded to his within-Guidelines sentence on the counts to which a mandatory consecutive sentence did not apply.* As indicated by the district court's statements at the resentencing hearing, the court found that the totality of the circumstances warranted concurrent sentences of 140 months — the bottom of the Guidelines range applicable to his convictions under 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (C), 856(a)(1), (b) (2012) — but did not warrant a downward variance. Such a determination is not an abuse of discretion.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's second amended judgment. This court requires that counsel inform Curry, in writing, of the right to petition the Supreme Court of the United States for further review. If Curry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Curry.

---

* The district court sentenced Curry to the statutory minimum consecutive sentences on his two convictions under 18 U.S.C. § 924(c) (2012); he does not challenge those sentences on appeal.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED